# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3484 | **DATE** | 10/16/2001 |
| **CASE TITLE** | Agenor Roman vs. Chicago Police Officer Cleason et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant moving to vacate the referral to mediation and to stay the proceedings until resolution of the criminal prosecution. The motion is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 18 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 25 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 OCT 17 PM 12: 50 | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AGENOR ROMAN,)
)
Plaintiff,)
)
vs.) No. 00 C 3484
)
Chicago Police Officer DEAN CLEASON,)
#18454, and the CITY OF CHICAGO,)
)
Defendants.)

## MEMORANDUM OPINION AND ORDER

Plaintiff was shot, he claims by defendant, in an incident on June 10, 1999. He sued, alleging excessive force, malicious prosecution, assault and battery, and arrest without probable cause. He had, however, been charged in state court with aggravated assault of a peace officer and unlawful use of a weapon. Plaintiff was acquitted of the aggravated assault charge but he was convicted of unlawful use of a weapon. While that conviction was on appeal he voluntarily dismissed the malicious prosecution and false arrest claims, recognizing that he could not proceed with those claims unless his conviction was reversed.

And it was reversed and remanded for a new trial. That led to defendant moving to vacate the referral to mediation and to stay the proceedings until resolution of the criminal prosecution, resting upon the Younger doctrine as extended in Simpson v. Rowan, 73 F.3d 134 (7th Cir. 1995), *cert. denied,* 519 U.S. 833 (1996). Plaintiff continues to recognize that the malicious prosecution and false arrest claims raise Younger concerns, and he has not moved to reinstate them. He argues, however, that the excessive force and assault and battery claims do not implicate those concerns, and he wishes to proceed on them. If the criminal case terminated favorably to him prior to trial here, then he could reinstate the dismissed claims,

subject to a stipulation that the limitations period would be equitably tolled in the meantime, and that discovery would cover all possible claims.

Plaintiff's suggestion might well have merit if the excessive force claim was that a police officer had, say, beaten him after his arrest, as there would be no disruptive effect upon the state prosecution. But here the amount of force which the defendant could reasonably use may well be impacted by whether or not the plaintiff was armed. There is, therefore, "a potential for parallel proceedings ...," and in those circumstances the state criminal case has priority. Simpson, *supra*, at 139 (concurring opinion). The motion is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 16, 2001.