IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AGENOR ROMAN, )
)
      Plaintiff, )
)
vs. ) No. 00 C 3484
)
CHICAGO POLICE OFFICER DEAN )
CLEASON, #18454, and the CITY OF )
CHICAGO, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

We ruled on defendants' motions orally, on the record. We here memorialize the rulings on plaintiff's motions

The motion to bar the testimony of James O'Donnell is granted. Any conclusion that marijuana use may have played some role in what happened is, on the basis of the expected testimony, purely speculative. Further, O'Donnell's credentials, to put it mildly, are very weak.

The motion to preclude evidence of past use of marijuana is granted. The expected testimony does not support a claim of impaired memory, and any lack of motivation claim relating to damages involves, at most, present, not past, use.

The motion to exclude evidence of plaintiff's past gang membership is, for now, granted. Plaintiff's testimony does not protect another, and we are not aware of what testimony by other witnesses who are allegedly gang members could be challenged as biased.

The motion to bar the testimony of Officer Lott, that he later saw plaintiff run normally, is denied. We assume that plaintiff's witnesses, and plaintiff, will testify that

plaintiff could not then run, or did so with a pronounced limp, and that condition has not changed. Defendants may counter. It is up to the jury, not the judge, to make credibility determinations.

The motion to bar the testimony of Dr. Jacob is denied. He was the treating physician, a defense witness has testified that a treating physician viewing the wound at the time can make a judgment about a bullet's entry and exit, and Dr. Jacob has testified that his judgment is to a reasonable degree of medical certainty.

The motion to bar OPS findings is, by agreement, granted.

The motion to bar evidence of previous arrests, convictions and bad acts is granted, except for the 1997 marijuana possession conviction when plaintiff testifies.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 8, 2006